IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


OBRIEN M. HAYES,

                    Plaintiff,

vs.                                    Case No. 15-1240-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984
(10th Cir. 1994).  Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion.   The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.   Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.   Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.   Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).   The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.   Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).   The claimant's physical or mental impairment or impairments must be of such severity that

2

they are not only unable to perform their previous work but
cannot, considering their age, education, and work experience,
engage in any other kind of substantial gainful work which
exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential
evaluation process to determine disability.  If at any step a
finding of disability or non-disability can be made, the
Commissioner will not review the claim further.  At step one,
the agency will find non-disability unless the claimant can show
that he or she is not working at a "substantial gainful
activity."  At step two, the agency will find non-disability
unless the claimant shows that he or she has a "severe
impairment," which is defined as any "impairment or combination
of impairments which significantly limits [the claimant's]
physical or mental ability to do basic work activities."  At
step three, the agency determines whether the impairment which
enabled the claimant to survive step two is on the list of
impairments presumed severe enough to render one disabled.  If
the claimant's impairment does not meet or equal a listed
impairment, the inquiry proceeds to step four, at which the
agency assesses whether the claimant can do his or her previous
work; unless the claimant shows that he or she cannot perform
their previous work, they are determined not to be disabled.  If
the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).   At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).   The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On February 24, 2014, administrative law judge (ALJ) James Harty issued his decision (R. at 71-82).  Plaintiff alleges that he had been disabled since March 8, 2011 (R. at 71).  Plaintiff meets the insured status requirements for social security disability benefits through June 30, 2015 (R. at 73).  At step

one, the ALJ found that plaintiff did not engage in substantial
gainful activity since the alleged onset date (R. at 73).  At
step two, the ALJ found that plaintiff had a severe combination
of impairments (R. at 73).  At step three, the ALJ determined
that plaintiff's impairments do not meet or equal a listed
impairment (R. at 75).  After determining plaintiff's RFC (R. at
75), the ALJ found at step four that plaintiff could not perform
past relevant work (R. at 80).  At step five, the ALJ found that
plaintiff could perform other jobs that exist in significant
numbers in the national economy (R. at 80-81).  Therefore, the
ALJ concluded that plaintiff was not disabled (R. at 81-82).

**III.  Did the ALJ err by failing to discuss in his opinion the
contents of a letter, dated July 26, 2011, from Steven Smith, a
vocational rehabilitation counselor?**

In a letter dated July 26, 2011, and addressed to the
plaintiff, Steven Smith, a vocational rehabilitation counselor,
stated, in relevant part:

> Your Vocational Rehabilitation is being
> closed for the following reasons: Client
> needs additional medical treatment for fluid
> on the spine.  **Client has multiple medical
> problems with neck and spine which causes
> significant pain and unstable in physical
> movements.  Client is not ready to work at
> this time.**
>
> **You have indicated your views as follows:
> You do not feel you are able to work at this
> time.**  When situation changes you have the

> option to reapply for Vocational
> Rehabilitation Services… .

(R. at 452, emphasis added).  This letter was not mentioned by the ALJ in his decision.

SSR 06-03p states that evidence from other non-medical sources, including rehabilitation counselors, may be used to show the severity of an individual's impairment and how it affects the individual's ability to function.  The case record should reflect the consideration of opinions from non-medical sources who have seen the claimant in their professional capacity.  The ALJ should generally explain the weight given to such opinions when such opinions may have an effect on the outcome of the case.  2006 WL 2329939 at *2,6.

In this case, the undisputed medical evidence is that plaintiff is capable of working, subject to certain limitations. The ALJ carefully discussed and considered the medical and medical opinion evidence (R. at 76-78, 79-80).

The ALJ also considered a functional capacity evaluation performed on December 9, 2013 by Timothy Barker, an occupational therapist.  Mr. Barker found that plaintiff was limited to only 30 pounds at his maximum lift.  He struggled more with his left upper extremity (pain), and with the above shoulder lift.  He could carry 60 pounds with his right and only 25 pounds with his left upper extremity which he struggled with.  Plaintiff also

struggled with the two tasks of sustained elevated and mid-level reach.  Both tasks were limited secondary to his left upper extremity.  With the tasks of stairs, squats, and lifting, plaintiff was quick to fatigue, reaching his cardiovascular maximum quickly, and became short of breath.  Overall, plaintiff had two problems: he is very limited with using his left upper extremity (pain and weakness) and is de-conditioned as is evident with his elevated heart rates and shortness of breath (R. at 607-608).  The ALJ noted that the results were consistent with a light range of work, and gave the opinion some weight (R. at 79).

By contrast, the letter dated July 26, 2011 is not an evaluation of the plaintiff, but simply states that vocational rehabilitation services are being terminated, noting that plaintiff has medical problems with his neck and spine which cause significant pain and unstable physical movements.  The letter indicates that plaintiff "is not ready to work at this time," and then states that plaintiff had indicated that plaintiff does not feel that he is "able to work at this time" (R. at 452).  Although it is clear from the letter that plaintiff did not feel he could work at that time, it is not at all clear from the letter whether Mr. Smith was expressing his opinion about whether plaintiff could work at that time.  The sentence that "Client is not ready to work at this time" could

be seen as nothing more than an acknowledgement of plaintiff's
indication that he did not feel that he was able to work at that
time.  Given the fact that it is not at all clear from the
letter that Mr. Smith is offering his own opinions regarding
whether plaintiff was disabled, the court finds no error by the
ALJ in failing to expressly discuss the statement in the letter
that plaintiff is not ready to work at this time.

     The letter also references multiple medical problems with
plaintiff's neck and spine which cause significant pain and
unstable physical movements.  However, the letter does not
recommend specific physical limitations in light of these
impairments.  As noted above, the ALJ discussed in detail the
extensive medical records and the medical opinions, as well as
the opinions contained in a functional capacity evaluation by an
occupational therapist.  The ALJ discussed plaintiff's medical
problems with his neck and spine, and plaintiff's pain, which
are mentioned in the letter.  The medical opinion evidence and
the functional capacity evaluation all indicated that plaintiff
could work, subject to certain limitations.  Furthermore, the
ALJ's RFC findings, are not, on their face, clearly inconsistent
with or contradicted by the impairments of pain and unstable
physical movements noted in the letter.  Therefore, on the facts
of this case, the court finds that the ALJ did not err by
failing to discuss this portion of the letter.

**IV.  Did the ALJ err in his credibility analysis?**

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence.  However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff.  Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler.  White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony.  Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002).  An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why.  McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002).  It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ

considered in determining that a claimant's complaints were not credible.  Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004).  On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court.  White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo.  Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The ALJ discussed in some detail his credibility analysis, noting plaintiff's testimony and activities, and contrasting them with the medical treatment records (R. at 78-79).  The court finds no clear error in the ALJ's credibility analysis, and the court will not reweigh the evidence.  Significantly, Dr. Toubes-Klinger, whose opinions were accorded substantial but partial weight by the ALJ (R. at 79), also found plaintiff not fully credible (R. at 184).  The court finds that the balance of the ALJ's credibility analysis is supported by substantial evidence.  See Barnum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 16th day of September 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge